Wilson, J.,
delivered the opinion of the court.
This suit was instituted by plaintiffs in error in March, 1890, to restrain defendants from diverting the waters of Big Fountain Creek to the damage of plaintiffs. It is a contest over the right to divert and use said waters for agricultural purposes between two irrigating ditches, — the Hall and Owen ditch, owned by plaintiffs, and the Lincoln ditch, owned by defendants. The inception of the right of the Hall and Owen ditch was claimed to date from a diversion of the water and its actual appropriation to beneficial uses in 1862; that of the Lincoln ditch from a similar diversion and appropriation in 1861. In February, 1882, in proceedings in the district court of El Paso county to adjudicate the rights and priorities of this and other ditches in accordance with the statutes then in force, a final decree was rendered whereby the Lincoln ditch was adjudged to have priority No. 5, and the Hall and Owen ditch priority No. 8. It is not claimed in this action that the owners of the Lincoln ditch were using more water than was allowed to them by this decree. In their complaint, plaintiffs base their right to the relief demanded upon their prior diversion and appropriation and continuous user since 1862. Defendants W. H. and F. F. Roby, the other defendants not appearing, answered, *362 denying the alleged priority of appropriation of plaintiffs, and setting up a prior appropriation by the Lincoln ditch, and a continuous user of the water. They also specially plead as a defense the decree of the district court of February, 1882, and also the statute of limitations. In their reply, plaintiffs attacked the decree upon the ground that it had been falsely and fraudulently obtained, and on the further g’round that since its rendition the owners of the Lincoln ditch had waived and abandoned their rights to the use of the water adjudged to them by this decree, and that plaintiffs had acquired a right thereto by their thereafter continuous and adverse use. Upon trial, the issues were found hi favor of the defendants, and judgment was rendered dismissing the bill. To this plaintiffs prosecute error. The sole assignment of error is that the court erred in its findings, and in its judgment of dismissal.
Whilst it would appear from the pleadings that plaintiffs intended to put in issue the validity of the decree, no attempt was made to do so, either in the argument or trial, and they expressly disclaim such intention, relying wholly upon the question of abandonment by defendants. It is well settled in tins state by the highest judicial authority that the right to the use of water is based upon its actual diversion, and its application to a beneficial use. Also that the continuance of the right depends upon the continuous user of the water, and hence may be abandoned by nonuser. Sieber v. Frink, 7 Colo. 154; Nichols v. McIntosh, 19 Colo. 28; Combs v. Agricultural Ditch Co., 17 Colo. 152. Plaintiffs claim that the evidence shows, first, a waiver subsequent to the decree by an agreement or consent of the then owners of the Lincoln ditch, of its adjudged priority in favor of the Hall and Owen ditch; second, the actual nonuser of the water by the owners of the Lincoln ditch from 1882 to 1890; and third, the user by Hall and Owen during said period of the water so abandoned, openly, and adversely, and under a claim of right.
We might very properly under the circumstances dismiss the further consideration of this case upon the ground repeatedly held by this court that the appellate court will not *363 review findings of fact, nor disturb judgments because of an insufficiency of proof where they rest upon conflicting testimony, and there is enough in the record to support the conclusion. In view of the important interests at stake, and of the fact that a new trial will not be awarded, we have in this instance not confined ourselves to this rule, and have carefully and critically examined all of the evidence presented and preserved in the voluminous bill of exceptions. After this thorough examination, we are still unable to agree with counsel in this contention, and are confirmed in the conviction that the trial court was correct in its findings and conclusions, and that the judgment should be affirmed. In the first place, a very large portion of the evidence is addressed to matters and things existing prior to the rendition of this decree, and this will not be considered by this court. In a proceeding of this kind, it will be presumed by this court that the facts were as found by the trial court at the time when its decree was rendered. We cannot agree therefore with the contention of counsel for plaintiffs that the principal probative facts to be shown on the trial of this case were, first, that the actual appropriation of water through the Hall and Owen ditch was prior to that of the Lincoln ditch, and second, that therefore the adjudication of priority to the Lincoln ditch was wrongful and unjust, however much verity it may have as a decree. This might be true, possibly, if this suit was a direct attack upon the decree, but it is not. As the decree is presumed to be correct, it follows that in this proceeding it would not be proper to assail the foundation upon which it rests. The court found that the Lincoln ditch had a priority over the Hall and Owen ditch. It must therefore be assumed that all of the facts necessary to constitute and establish that priority were shown. We decline to express or intimate any opinion as to whether or not such a decree is in all cases conclusive after the expiration of the four years’ limitation fixed by statute. It is not essential to the determination of this case, in any view of it which we may take, and especially since plaintiffs claim to rely wholly upon the question of abandonment.
*364 The court having so found, it cannot be disputed in this action that on February 15, 1882, the date of the decree, the owners of the Lincoln ditch had a priority over plaintiffs’ ditch to the use of the water in question to the extent of its appropriation, and were then applying it to a beneficial use. If plaintiffs then have any right superior to that of defendants, they must have acquired it since that time. The only evidence which the trial court had, or this court has, a right to consider, was and is that in reference to occurrences between February 15,1882, and the commencement of this suit.
It is elementary that in claiming a right under abandonment, the burden of proof is upon the party asserting it, and before it can be sustained, the abandonment must be shown by a preponderance of proof. Especially should this rule be invoked and strictly enforced in a case like that at bar, where it is claimed parties had abandoned a water right shown to be of great value, after twenty years’ user of it, and immediately after a solemn decree of court confirming their title to it. No necessity exists for a review in detail of the evidence presented, and such a course would extend this opinion beyond any reasonable limits. It is sufficient to say that the evidence wholly fails to show by a preponderance of proof, the existence of any one element necessary to constitute abandonment. That which tends to substantiate it, as plaintiffs claim, is too vague, indefinite and uncertain. Intention, for instance, is the very essence of abandonment, and the intent of defendants to abandon is not shown to have existed at any time. The mere fact, conclusively shown and really not disputed, that during each year from 1882 to 1890 the lands lying under the Lincoln ditch were cultivated and produced a crop by the use of water from the Big Fountain transported through the ditch in question, conclusively shows that there was no abandonment, and outweighs all of the evidence of plaintiffs’ witnesses based upon their surmises and opinions. This cannot be controverted by the mere opinions of witnesses that if more water had been used, better and larger crops could have been raised. The mere fact that parties *365 cultivating lands under the Lincoln ditch did not see fit in a time of scarcity to shut down their neighbors’ ditches and seek to enforce their right to all of the water awarded to them, cannot be held to raise a presumption that they intended to abandon their rights under the decree in whole or in part. Where a question of abandonment is involved, if presumptions are to be indulged in, they will be against the party asserting it. The findings were in accord with the proofs, and perceiving no error, the judgment will be affirmed.

Affirmed.