[No. 4375.]

THE PLATTE VALLEY IRRIGATION COMPANY v. THE CENTRAL TRUST COMPANY ET AL.

1. **Water Rights—Adjudication of Priorities—Res Judicata—Abandonment.**

The volume of the priorities awarded a ditch in a proceeding to adjudicate priorities is res judicata, and the facts upon which such award was predicated cannot be inquired into for the purpose of determining whether or not there has been a partial abandonment of the priorities awarded. The question of abandonment must be limited to acts which occurred subsequent to the decree adjudicating priorities.

2. **Water Rights—Abandonment—Findings—Appellate Practice.**

The finding of the trial court upon the question of abandonment of priorities of water rights made on conflicting evidence

will not be disturbed by the appellate court, where there is sufficient evidence to sustain the finding.

3. **Water Rights—Abandonment—Burden of Proof.**

The burden of proof to establish an abandonment of priorities of water rights is upon the party alleging such abandonment.

4. **Water Rights—Enlarged Use—Evidence—Burden of Proof.**

In an action to restrain the diversion of water because of an alleged enlarged use of the adjudicated priorities, it is incumbent on plaintiff to prove that a greater quantity of water, measured either by volume or time, than the priorities are entitled to, is being diverted. The mere fact that an additional acreage is being supplied with water from such priorities is not sufficient to establish the issue of enlarged use when it appears that the same acreage is also supplied from other sources.

5. **Water Rights—Change of Place of Use—Injunction—Evidence.**

In an action to restrain the diversion of water on the ground that by reason of a change of place of use to lands located further from the stream than the lands to which such water was formerly applied, less water is returned to the stream by seepage, if it be conceded that this is a matter of which plaintiff can complain, no relief could be granted in the absence of testimony from which it could be ascertained with a reasonable degree of certainty what difference in such seepage has been caused by the change of place of use.

6. **Water Rights—Findings of Trial Court—Misconception of Issues.**

In an action to restrain the diversion of water upon the grounds of abandonment, enlarged use and change of place of use, where evidence was received and considered upon all three of the issues and at the close of the trial plaintiff presented to the court what he conceived should be the findings and decree of the court, which the court refused to adopt, a general finding of the court for the defendant made upon conflicting evidence will not be reviewed by the appellate court on the ground that the trial court misconceived the issues.

*Appeal from the District Court of Arapahoe County.*

Mr. James W. McCreery, for appellant.

Mr. Chas. D. Todd, Mr. R. D. Thompson, Messrs.

TALBOT, DENISON & WADLEY and Mr. S. A. OSBORN, for appellees.

Mr. JUSTICE GABBERT delivered the opinion of the court.

By adjudication proceedings had in 1883, the Evans ditch No. 2 and the Hewes and Cook ditch were each awarded priorities to water from the South Platte river for the purpose of irrigation. The priorities awarded the Hewes and Cook ditch are in advance of those awarded the Evans ditch. The appellant has succeeded to the ownership of the latter ditch and its priorities. Appellees, except the officials named, are the tenants in common of the Hewes and Cook ditch and its priorities. In April, 1900, appellant brought an action against the appellees to restrain them from the alleged unlawful diversion and use of water through the Hewes and Cook ditch. The complaint, according to the contention of plaintiff, was framed upon the theory (1) that there had been a partial abandonment of the priorities awarded the Hewes and Cook ditch; (2) an enlarged use of such priorities; and (3) that the change of place of use made, or proposed to be made, by The Western Ditch and Land Company, of the undivided one-half of the appropriations awarded the Hewes and Cook ditch, which that company now owns, injuriously affected the rights of the plaintiff. The issues on these questions were determined in favor of the appellees, and plaintiff brings the case here for review on appeal.

We shall first consider the question of the alleged partial abandonment of the priorities awarded the Hewes and Cook ditch. It is contended by counsel for plaintiff that the evidence established such abandonment, and that the defendants who now claim the

right to the use of the water represented by the priorities awarded that ditch, should be limited in their diversion to that portion which has not been abandoned. The volume of the priorities awarded the Hewes and Cook ditch in the adjudication proceedings must be treated in this action as *res adjudicata,* and none of the facts upon which that award was predicated can be inquired into for the purpose of determining the question under consideration—*The Boulder & Weld County D. Co. v. The Lower Boulder D. Co.,* 22 Colo. 115; *Water Supply & Storage Co. v. Larimer & Weld I. Co.,* 24 Colo. 322; so that the question of abandonment must be limited to those acts on the part of defendants who now own the Hewes and Cook ditch priorities, and their grantors, which occurred subsequent to the decree entered in the adjudication proceedings.

On the part of the plaintiff it is contended that the abandonment in question took place between the date of the conclusion of the adjudication proceedings and the year 1894, or during a period covering about eleven years. This contention is based principally upon non-user during this time, or that for this period there had been but a small part of the volume represented by the priorities of the Hewes and Cook ditch beneficially applied to the irrigation of lands. For the purpose of establishing this claim, testimony was introduced by plaintiff touching the capacity of the ditch during that period, the acreage irrigated by water diverted through that channel, and the quantity of water necessary for that purpose, tending to prove that but a small portion of the priorities awarded had actually been used, or that during this period there had been an excessive use of such priorities. Defendants also introduced testimony on this subject, which tended to prove that between the years named the capacity of the ditch

was such, and the acreage under it irrigated was sufficient, taking into consideration its character, that the full volume of the priorities awarded their ditch was annually diverted and applied. On testimony of this character, conflicting as it is, we cannot disturb the finding or conclusion of the trial court, that there had been no abandonment on the part of the defendants, or their grantors, and it can be of no advantage to more than briefly review some of its most salient features.

Ditches, the capacity of which was measured by witnesses on behalf of plaintiff, it is claimed by those testifying for defendants, were but laterals of the Hewes and Cook ditch proper. This ditch, according to some of the witnesses for defendants, was constructed in part through what is termed Hall creek, an old or overflow channel of the river into which water was diverted from the main stream through a head-gate of sufficient capacity to carry the volume representing the priorities awarded. According to the testimony introduced by defendants, that volume, or some part of it, was from time to time passed through this head-gate, as the necessities for its use required; that from this part of the ditch laterals were constructed through which the water was distributed, and that for the purpose of irrigating natural meadow lands lying under it, dams were placed in that part of the old channel utilized as a ditch by means of which the water was caused to overflow these lands, which, on account of the thin soil underlaid with sand and gravel, required a great deal of water. This testimony is certainly sufficient to sustain the conclusion of the trial court, that abandonment for failure to use the water in question was not established. The burden of proof was upon the plaintiff to establish the alleged abandonment.—*Hall v. Lincoln,* 10 Colo. App. 360.

The enlarged use of water through the Hewes and Cook ditch of which plaintiff complains is based principally upon the assumption that the greater portion of the priorities awarded that ditch had been abandoned. It is not claimed that more water than that representing the priorities of the ditch is being conducted through that channel, and as no portion of these priorities has been abandoned, the only ground upon which plaintiff can rest an alleged enlarged use is that more lands are now being irrigated than formerly through water supplied by the Hewes and Cook ditch, which has been extended and enlarged by The Western Ditch and Land Company. It may appear from the testimony that the acreage actually irrigated under this extension and enlargement and that irrigated under the Hewes and Cook ditch as it originally existed is in excess of the acreage irrigated before that ditch was extended and enlarged; but it also appears that The Western Ditch and Land Company has an independent appropriation of one hundred feet from the river which is utilized in time of high water, and has conserved some twenty-five feet by means of a seepage ditch. The water from both these sources is applied upon lands under the Hewes and Cook ditch as extended, so that the claim of appellant that a large additional acreage is being irrigated by means of the priorities originally awarded the Hewes and Cook ditch is not borne out by the record. It was certainly incumbent upon appellant, in order to establish the alleged enlarged use of these priorities, to prove in some appropriate way that a greater quantity of water, measured either by volume or time, than these priorities were entitled to, was being diverted. The mere fact that an additional acreage was being supplied with water from these priorities was not sufficient to establish the issue

of an enlarged use when it appeared that this same acreage was also supplied from other sources.

In support of the claim of plaintiff that the change of place of use by The Western Ditch and Land Company of its share of the priorities awarded the Hewes and Cook ditch, to which it has succeeded, injuriously affects its rights, it is contended that the water thus represented is applied to lands located at a greater distance from the river than those upon which such water was formerly applied, and therefore less water is returned to the stream by way of seepage. While it may be true that the application of water through the extension of the Hewes and Cook ditch made by The Western Ditch and Land Company is upon lands so located that the seepage water will not find its way as quickly or in as great quantity to the river as formerly, the evidence is too indefinite from which to determine with any degree of certainty what the difference in this respect may be. Judgments affecting substantial rights cannot be predicated upon mere conjecture; so that if it should be conceded that the seepage returned to the river has been lessened because of the use of water upon lands other than those to which it was originally applied, and that this is a matter of which plaintiff may complain, no relief could be granted it on this account, in the absence of testimony from which such difference could be ascertained with a reasonable degree of certainty.

Counsel for appellant concede that the issues made by the pleadings were decided upon conflicting testimony, and that ordinarily such findings could not be disturbed on appeal; but contend that this rule does not apply, for the reason that the court, in deciding the case, announced that it did not appear the owners of the Hewes and Cook ditch were using more

than the volume of water representing the priorities decreed to it, and hence, it is argued, the court failed to consider the testimony bearing upon the litigated questions of fact, and misconceived the real issues in the case.   This contention is not sustained by the record.   At the conclusion of the trial, counsel for appellant tendered to the court for its approval what he conceived should be the findings of fact from the testimony, and the decree to be based thereon, which the court refused to adopt.   These proposed findings were substantially to the effect that the greater portion of the priorities awarded the Hewes and Cook ditch had been abandoned; that the lands to which these priorities were applied at the time of the adjudication proceedings, were so situate with reference to the river that surplus water applied to them readily found its way back to the stream; that the diversion of such priorities through the Hewes and Cook ditch, as extended, was unlawful and injurious to appellant, and that these priorities were being applied to an enlarged use to its injury.   The court found the issues generally in favor of the defendants. These issues, so counsel for appellant claims, presented the questions of abandonment, enlarged use, and injury to appellant by reason of a change of place of use.   Testimony was received *pro* and *con* on these subjects without objection, so it would appear from the action of the court in receiving the testimony, in refusing to find in favor of the appellant on the issues tendered by its pleadings, and in finding in favor of the defendants on those questions, that the real theory of the case, as well as the vital questions involved, were fully understood and passed upon.

The judgment of the district court will stand affirmed.

*Affirmed.*