## No. 11,553.

### Fort Morgan Reservoir and Irrigation Co., et al. *v.* Putnam Ditch Co., et al.

Decided November 29, 1926. Rehearing denied December 13, 1926.

Proceeding to change point of diversion of irrigation water. Decree for petitioner.

### *Affirmed.*

### *On Application for Supersedeas.*

1. Water Rights—*Change of Point of Diversion—Issue.* In a proceeding to change the point of diversion, the controlling question is whether the transfer will injuriously affect the rights of other appropriators.

2.    *Change of Point of Diversion—Petition.* In a proceeding to change the point of diversion, the petition held sufficient, over the objection that it shows that the change will result in an enlarged use in amount and time.

3.    *Change of Point of Diversion—Sufficiency of Evidence.* In a proceeding to change the point of diversion, evidence reviewed, and held to support the finding of the court that no injurious effect would result.

4.    *Change of Point of Diversion—Pleading.* In a petition for change of place of diversion, the only allegation, other than a description of the ditches and priorities to be transferred, is the statement that no injury will result, and the only pleading necessary for the protestant is a denial thereof. The statute apparently does not contemplate a reply.

*Error to the District Court of Weld County, Hon. Robert G. Smith, Judge.*

Mr. WILLIAM A. HILL, for plaintiffs in error.

Mr. HARRY N. HAYNES, for defendants in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE Putnam Ditch Company petitioned the district court of Weld county for leave to change its point of diversion. The leave was granted, and the Fort Morgan Reservoir Company and others bring error and ask for supersedeas. Both sides request a final decision of the case on this motion.

The essential facts are that the Putnam ditch holds two priorities in water district No. 1, one No. 13 for 10 second feet, and No. 17 for 30 second feet. The headgate is on the south side of the Platte river, in section 24-4-62. The headgate of the Bijou canal, to which the

transfer is to be made, is on the same side about six miles above the Putnam headgate. The headgates of the plaintiffs in error are all below the latter.

The Bijou canal parallels the Putman ditch at an average distance of about half a mile south of and above it. Between them for about six miles below the Putnam headgate lies the Green City irrigation district. The ultimate and controlling question is, of course, whether the transfer will injure the plaintiffs in error.

The first point for reversal is that the petition is insufficient because it shows that the change will result in an enlarged use of the Putnam water both in amount and time (*P. V. I. Co. v. Central Trust Co.,* 32 Colo. 102, 75 Pac. 391), and therefore shows that no change should be permitted.

It appears to us, however, that the petition is sufficient. It alleges that no injury will result, which is an allegation of fact and is all that is necessary for such a petition to say in respect to the injury. It is urged that since the petition shows an intended use on other land and on land to be acquired, an enlarged amount and time of use is to be inferred, but clearly that does not follow. The admission, if there is one, in the petition that the Putnam ditch has used its full priorities only part of the time, is not, per se, enough to show that the use on other lands is to be an enlarged use in amount or time, nor, if the petition showed an increased acreage, would that be shown. *P. V. I. Co. v. Central Trust Co., supra.* The petition is sufficient and the question of enlarged use must be answered from the evidence.

The only other question which it is necessary for us to answer is, whether the evidence is sufficient to show that no injury will result from the change. The only possible injury that can result will be the depletion of the protestants' water. There is evidence of considerable weight to show that their water will not only be not depleted but will be even augmented; we therefore cannot

say that the court was wrong in its finding that there would be no injury. That evidence may be summarized as follows:

There is a heavy return of water to the river between the Bijou and Putnam headgates. The Putnam diversion, transferred to the Bijou headgate, will lose the benefit of this return which will inure to the lower diversions, the seepage also from the Bijou canal below the Putnam headgate, which the Putnam ditch formerly caught, will likewise inure to them. In addition the Green City district has a permanent contract with the Bijou company to exchange for the latter's the former's water, impounded in the Riverside reservoir, and because of this, it is claimed, at certain times in each season, water heretofore divertible into the Putnam ditch cannot be taken at the Bijou headgate and must be left in the river, to inure to the benefit of whoever has a right to it. If the court thought these benefits would equal or outweight the disadvantages to the protestants we cannot say it was wrong.

It is claimed that the evidence showed that the Putnam ditch never used its full priorities and that after the change it would use them in full, but these matters are in dispute in the evidence and moreover the court may have thought that such losses would be compensated as we have above showed.

There is no replication and it is claimed by the plaintiffs in error that all the facts in their answer were thereby admitted. We think, however, that in a petition for change of place of diversion the only allegation other than a description of the ditches and the priorities to be transferred is the statement that no injury will result, and that the only pleading necessary for the protestants is a denial thereof. There is nothing in the answer in the present case that could not be proved under such a denial. The answer, therefore, amounts to an argumentative denial and needs no reply. The statute,

apparently, does not contemplate a reply, but whether it does or not there was no need of one in this case. The detailed facts on the issue—injury or not—will always appear in the evidence.

Supersedeas denied and judgment affirmed.

MR. CHIEF JUSTICE ALLEN not participating.