[No. 4952.]

## O'BRIEN v. KING.

1. **Water Rights—Adjudication of Priorities—Decree Res Judicata—Abandonment.**

The volume of the priority awarded an irrigation ditch in adjudication proceedings is res judicata, and none of the facts upon which the award is predicated can be inured into in a collateral proceeding based on abandonment of the priority, but

'evidence of such abandonment must be limited to acts of the owner subsequent to the decree.—P. 490.

2. **Water Rights—Abandonment—Practice in Civil Actions —
  Burden of Proof.**

In an action to restrain the unlawful diversion of water to an irrigating ditch, where plaintiff claimed that defendant had lost by abandonment the right to use all or some portion of his decreed priorities, the burden is on plaintiff to clearly and definitely prove the amount of water actually and intentionally abandoned.—P. 491.

*Appeal from the District Court of Douglas County.
Hon. Louis W. Cunningham, Judge.*

Action by Thomas J. King against Pleasant W. O'Brien. From a judgment for plaintiff, defendant appeals.        *Reversed and remanded.*

Messrs. ROGERS, SHAFROTH & GREGG, for appellant.

Mr. WM. H. DAVIS, Mr. GEORGE F. DUNKLEE, and Mr. O. E. JACKSON, for appellee.

Mr. JUSTICE GODDARD delivered the opinion of the court:

This is a controversy over the right to the use of water from East Plum creek. The facts presented by the record proper are, in substance, as follows:

On December 10, 1883, the appellant, defendant below, was awarded a decree as owner of a ditch named "The Castle Rock ditch," taking its supply of water from East Plum creek, for two cubic feet of water per second of time, to be used for the irrigation of lands, and for domestic purposes. The appropriation for which this decree was awarded dates from April 1, 1880. In the month of November, 1899, the appellant procured a decree permitting him to

change his headgate and point of diversion. Such point of diversion, as a matter of fact, was changed in the month of August, 1893. On March 3, 1890, the appellee, plaintiff below, obtained a decree for the use of so much water through a ditch named the King ditch "as will flow therein on grade of ¼-inch to the rod with width on bottom of 20 inches, width on top of 2 feet, depth of water flow 6 inches, computed at ——, the appropriation of which water  *  *  * dates from February 23, 1888."

This action is brought to restrain appellant from diverting any water from East Plum creek by virtue of the original decree to Castle Rock ditch, or that his right to divert water therethrough in virtue of such decree shall be limited to the amount of water he has actually applied to a beneficial use prior to February 23, 1888, when the right of appellee to divert the waters of East Plum creek through the King ditch became vested.

The theory upon which the complaint is founded, as stated by counsel for appellee, is: (1) that appellant never perfected his appropriation to a greater extent than sufficient to irrigate two acres of land; (2) an abandonment of his appropriation subsequent to the original decree. The facts relied on by appellee to support his first contention are in substance that, notwithstanding the appellant was granted a decree by which he was entitled to the use of two cubic feet of water per second of time, through the Castle Rock ditch, that his appropriation, when made, was intended for the sole purpose of irrigating two acres of land for garden purposes, and at the time of his procuring the decree he owned but a small amount of land, which could have been covered by said ditch, and that he had used the same to irrigate not exceeding one-fourth of an acre in extent.

Over objection, the court below allowed evidence to be introduced in support of these averments. In this we think the court erred. These matters were not open to inquiry in this case. It has been frequently held that the volume of the priority awarded a ditch in the adjudication proceeding is *res adjudicata,* and none of the facts upon which the award is predicated can be inquired into in a collateral proceeding.—*P. V. I. Co. v. Cent. Trust Co.,* 32 Colo. 102; *Water S. & S. Co. v. Lar. & Weld I. Co.,* 24 Colo. 322; *Boulder & W. D. Co. v. Lower B. D. Co.,* 22 Colo. 115.

In some of the cases it is said that the admission of this character of evidence did not, in the circumstances of those cases, constitute prejudicial error, since the evidence of acts subsequent to the decree was legally sufficient in itself to prove abandonment, but it is there expressly held that it is not admissible or competent for the purpose of impeaching or setting aside the decree of priority in any particular. In this case the trial court based its findings as to the question of abandonment upon this evidence, and expressly ignored the decree awarding O'Brien his priority and found, as matter of fact, that prior to December 10, 1883 (the date of the decree), he had never diverted from East Plum creek through the Castle Rock ditch any more water than was sufficient for the irrigation of two-fifths of an acre of land, and that the claimed appropriation of water by O'Brien through the Castle Rock ditch was never legally completed.

Under the well settled rule laid down in the cases above cited, the court was without power or authority in this proceeding to nullify or modify the decree rendered in the adjudication proceedings as to the quantity of water awarded O'Brien, or in any other respect. The question, therefore, as to whether or not

O'Brien had abandoned wholly or partially his right to the use of the volume of water to which he was entitled under the decree was manifestly not considered or properly determined by the court, in that the inquiry was not limited to acts on the part of O'Brien which occurred subsequent to the granting of the decree (*P. V. I. Co. v. Central Trust Co., supra*); nor was there any evidence as to how much water O'Brien did use, or what amount of water was required to properly irrigate the two-fifths of an acre that the court finds he did irrigate. In other words, O'Brien having been by the decree awarded the right to use two cubic feet of water per second of time, it was incumbent upon the appellee, in support of his claim that he had lost by abandonment the right to use all or some portion of such priority, to show, by clear and satisfactory evidence, the amount so lost or abandoned. In this respect the evidence is clearly insufficient to enable the court to determine, and, in fact, it did not attempt to ascertain, the quantity of water that O'Brien did, or did not, actually use from the date of his decree and until February 23, 1888, the date of appellee's alleged appropriation, The amount of water actually and intentionally abandoned by O'Brien during this interim must be clearly and definitely ascertained, before he can be deprived of his right to use any portion of his decreed priority. This fact should be definitely determined in this proceeding, and not left open for future controversy.

For the foregoing reasons, the decree of the court below is reversed, and the cause remanded

*Reversed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE BAILEY concur.