[No. 5292.]
[No. 2927 C. A.]

THE ALAMOSA CREEK CANAL COMPANY ET AL.
v. NELSON ET AL.

1. **Water Rights — Appropriation — Abandonment — Burden of Proof.**

In seeking to enjoin the diversion of water, on the ground of an alleged abandonment of the priorities awarded defendant by a prior statutory decree, the burden of proof is on plaintiff. —P. 143.

2. **Water Rights—Abandonment—Words and Phrases.**

Abandonment, as applied to water rights, is made up of two elements, act and intention; and a non-user alone, at least short of the period of the statute of limitations, is not sufficient to prove an abandonment; but non-use continued for a considerable time, coupled with other acts showing an intention on the part of the owner not to resume or to repossess himself of the thing whose use he has relinquished, may constitute an abandonment.—P. 143.

3. **Water Rights — Appropriation — Adjudication of Priorities— Res Adjudicata.**

A statutory decree establishing priorities to the use of water for irrigation, is res adjudicata as to the volume of water awarded to a particular ditch, and cannot be attacked collaterally.—P. 144.

4. **Same—Abandonment of Rights.**

A statutory decree establishing priorities to the use of water for irrigation, confers no new rights, but is merely evidence of pre-existing rights, which may be lost by subsequent abandonment.—P. 147.

5. **Same—Actions to Protect Rights—Evidence.**

Although evidence of non-user and similar acts occurring before the entry of a decree of priorities to the use of water is improper for the purpose of proving the owner's right to use a less volume of water than that decreed to him, as well as being improper for the purpose of showing the element of non-user in a subsequent abandonment, yet where there is sufficient legal evidence as to the element of non-user subsequent to the decree, evidence of non-user and similar acts by such owner before the decree is proper, and not prejudicial, for the purpose of showing his intent in not using what was awarded to him.—P. 147.

6.   **Water Rights—Injunction—Defenses—Evidence.**

Where a senior appropriator of water seeks to enjoin a junior appropriator from diverting the same, and the defendant seeks to avoid such on the ground that, if the diversion is restrained the plaintiff will derive no benefit therefrom, such defense must be established by clear and satisfactory evidence.— P. 149.

7.   **Appellate Practice—Conclusiveness of Findings.**

Where the evidence is legally sufficient to uphold the finding of the trial court. such finding will not be disturbed on appeal.—P. 150.

*Appeal from the District Court of Conejos County. Hon. Charles C. Holbrook, Judge.*

Action by Piadad Nelson, owner of the Head Overflow; John Harvey, Jr., The La Jara Creamery & Live Stock Association, and Silas E. Newcomb, owner of the Arroya Ditch; The Union Ditch Company (a corporation), owner of the Union Ditch; John Harvey, owner of the North Alamosa Ditch; William H. Adams and Alva Adams, owners of the Overflow Ditch; John W. Flintham, David F. Howe and A. M. Benge, owners of the Flintham Ditch; the Morgan Ditch Company (a corporation), owner of the Morganville Ditch; George Hamilton, owner of the Plano Vista Ditch; A. Sherwin, John Mount, Joseph Pursely, Frank Russell and William Neff, owners of the Miller Ditch, who sue on behalf of themselves and all others similarly situated, against The Alamosa Creek Canal Company et al. From a judgment for plaintiffs, defendants appeal.

*Affirmed.*

Mr. JESSE STEPHENSON, for appellants.

Mr. IRA J. BLOOMFIELD, for appellees.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

This action was brought by plaintiffs, appro-

priators of water from the Alamosa river, a natural stream in water district No. 21 of this state, against defendants, appropriators from the same stream, to restrain the latter from diverting and using the waters thereof to the injury of plaintiffs, who are alleged to have the better right thereto.

In 1888 a statutory decree was entered in the proper district court, whereby the relative priorities of right to the use of water for irrigation between the various ditches and canals in this district were determined, including the rights of the parties here. The complaint alleged that defendants had wrong-fully diverted the waters of the river, and threatened to continue the same, by means of the Molino ditch, to which ditch had been adjudicated priority No. 3 for 6.93 cubic feet of water per second of time to date from May 1, 1869, and that each and all of the priorities of plaintiffs were, under the decree, inferior and junior to the adjudicated priority of the Molino ditch. Though there was awarded to the Molino ditch the priority mentioned, nevertheless its capac-ity was never such as to carry the quantity given, and that it has never been used to irrigate more than about twelve and one-half acres of land. That in their statement the then owners of that ditch, preliminary to their obtaining a decree, claimed only three cubic feet of water per second of time to irri-gate fifty acres of land. That only ninety-three-hun-dredths cubic feet of water per second of time has ever been used in irrigating the lands lying under the ditch by the owners thereof until shortly before the beginning of this action.

The complaint then charges that all of the water decreed to the Molino ditch, except ninety-three-hundredths cubic feet per second of time, has been by the owners of the ditch abandoned since the decree was entered, and the same has been hitherto appro-

priated and ever since continuously used and enjoyed
by plaintiffs and other appropriators of water from
the same stream until a short time before the bring-
ing of this action, when such use was interfered with
by defendants.

In the answer defendants denied the abandon-
ment, and claimed a superior right to plaintiffs, and
as a second and affirmative defense alleged that the
headgate of the Molino ditch was several miles higher
up the stream than the nearest headgate of any of
the plaintiffs' ditches, and that between such nearest
headgate and the headgate of the Molino ditch were
a number of ditches through which had been made
appropriations of water senior to plaintiffs and junior
to the Molino ditch, which were entitled to divert such
water before the ditches of plaintiffs were supplied,
and that if a quantity of water equal to the entire
volume which had been decreed to the Molino ditch
was not turned into its headgate, but allowed to run
down the stream, the bed of the stream between that
point and such nearest headgate was of such a nature
and character of soil that none of it would reach the
headgates of any of plaintiffs' ditches.

Upon these affirmative matters being traversed
by the replication, the issues thus raised were tried
to the court without a jury, and the court made spe-
cific findings of fact in favor of plaintiffs and granted
the injunction prayed for.   Defendants appeal.

1. The burden of proof was upon plaintiffs to
prove the abandonment alleged.   Abandonment is
made up of two elements, act and intention.   Non-
user alone, at least short of the period of the statute
of limitations, is not sufficient to prove an abandon-
ment, but non-user continued for a considerable
length of time, coupled with other acts of a character
tending to show an intention on the part of the owner
not to resume, or repossess himself of the thing whose

use he relinquished, may constitute an abandonment. The evidence in this case was conflicting, but we think it sustained the finding by the court of an abandonment.

The defendants say that it was error for the court to admit in evidence a copy of the statement of claim which the owners of the Molino ditch filed in the district court, as they were required to do under the statutes in order to obtain a decree of priority, and to hear evidence as to the carrying capacity of the ditch, and the quantity actually diverted and applied to a beneficial use before the decree was entered. This upon the ground that the decree is a verity, and that the volume of water thereby decreed is *res adjudicata,* and if such decree is not, within the statutory time, reviewed, set aside or appealed from, it is binding upon the parties to the proceedings, and cannot thereafter be questioned except on the ground of fraud.

Defendants' propositions of law are correct, but they are in error as to their application to the facts of this case. We think the case as made comes squarely within the decision of this court in *New Mercer Ditch Co. v. Armstrong,* 21 Colo. 357, and is not opposed to anything decided in *P. V. I. Co. v. Central Trust Co.,* 32 Colo. 102.

In a late case decided at last term, *O'Brien v. King,* 41 Colo. 487, a similar objection, under a different state of facts, was considered. It was there held, in accordance with several of our previous rulings, that a statutory decree establishing priorities is *res judicata* as to volume, and cannot be collaterally attacked. In that case the complaint was framed upon two grounds: (1) That the appropriation had never been perfected to a greater extent than sufficient to irrigate two acres of land—a less quantity than the

decree awarded; (2) an abandonment of the appropriation subsequent to the decree.

To sustain the first ground the plaintiff, who attacked the decreed appropriation, relied solely on the same kind of evidence as that objected to in the case at bar—that is, evidence of acts and conduct antecedent to the decree—and the court there said its admission was improper because such matters were not open to inquiry in that case, the question of volume being *res judicata*.  Judge Goddard, who wrote that opinion, then proceeded to say that in some cases—evidently referring to the New Mercer and similar cases, which are like the one now before us—the admission of this class of evidence was held not to constitute prejudicial error, since evidence of acts subsequent to the decree was legally sufficient to prove abandonment; but in that (O'Brien) case, since the trial court made its findings of fact upon the issue of subsequent abandonment solely on evidence of what occurred before the decree was rendered, which the judge says was erroneously admitted in support of the first ground of complaint, a decree adjudicating abandonment, based on such findings, was unwarranted.  And the learned judge expressly said that the issue of subsequent abandonment was not there considered or properly determined, because the inquiry was not limited to acts subsequent to the decree.  This was manifest, he said, because there was no evidence at all before the court of subsequent acts tending to prove that the owner had, subsequent to the decree, failed to use, in whole or in part, this decreed volume, and the only evidence, and that on which the findings concerning abandonment were made, was that of antecedent acts improperly admitted to prove the other cause or ground of complaint.

It, therefore, is clear that the O'Brien case, a collateral proceeding, was one where the ·trial court wrongly admitted evidence of acts done before the statutory decree to prove that the owner of the ditch had not appropriated as much water as that decree gave him, and after admitting such evidence, directed to the first cause or ground of complaint, without any evidence at all of any amount of water the claimant had used, or ceased to use, subsequent to the decree, which was necessary to sustain the second cause or ground of complaint, proceeded to apply to this latter ground the evidence of prior acts and conduct, and based its findings on the alleged subsequent abandonment solely on the evidence of the antecedent acts. Very properly it was held that a decree that subsequent abandonment was thus established could not stand.

Very different, however, is the case at bar. Here there was evidence that not only for nineteen years before the decree, but thereafter and continuously from the time it was made, and down to a short time before this action was begun, the owners of the Molino ditch never used more than 2.85 cubic feet per second of time of the 6.93 cubic feet which the decree gave it; and that plaintiffs, junior appropriators under the decree, and ·other appropriators from the same stream junior to defendant but senior to plaintiffs, had made their appropriations, and when they could get it—the common source of supply not being sufficient in times of scarcity to satisfy all consumers—used the water remaining in the stream after defendant had used the 2.85 cubic feet. Such subsequent non-use for fourteen years after the decree was accompanied by some circumstances tending to show that defendant did not intend to repossess itself of the excess. Abandonment, as applicable to water rights, consisting of act and in-

tention, was thus supported by direct evidence of acts and conduct limited in time to a period subsequent to the statutory decree.

There can be no question, under the proof, that sufficient was shown to satisfy one of the elements of abandonment—non-use. The other element, intention, a distinct and necessary ingredient of abandonment, must also be shown. To prove the intention with which the owner ceased to use a part of the volume after the decree was entered, it is competent to show a similar state of facts before its rendition. Certainly, evidence thereof cannot be prejudicial.

The statutory decree confers no new rights, but, as this court has repeatedly held, embodies in the form of a permanent, binding decree the evidence of pre-existing rights. It does not purport to be a perpetual insurance or guaranty to the owner of a ditch against a total or partial loss of his priority by abandonment. In that way he may lose the rights resulting from an appropriation and evidenced by the decree, just as he may where they have been acquired by purchase and conveyed by deed. If the statutory adjudication had not been made, it would be admitted, we think, that on the issue of abandonment non-use could be shown, irrespective of time. In neither case would antecedent acts be admissible to prove that the right, alleged to have been abandoned, never existed in whole or in part, for one cannot abandon that which he never possessed or which never was *in esse.*—*Ditch Co. v. Ditch Co.*, 22 Colo. 115.

But because antecedent non-use and similar acts by the owner of a part of a decreed priority may not be shown, either for the purpose of proving that he never was entitled to the entire decreed volume, or that, subsequent to the decree, he also omitted to use the volume in whole or in part awarded, it does not necessarily follow that such prior acts do not have a

tendency to show an intention not to reclaim the thing the use of which has been discontinued since the decree was entered. On the contrary, non-use and similar acts, before and after the decree, directly bear on the element of intention of the owner in the failure to use what was awarded him.

Evidence, though incompetent to prove one essential issue or element of a cause of action or defense, should not be excluded if it is competent to establish some other issue. So, here, evidence of the antecedent acts of which defendant complains, though not proper to prove the right of the owner to a less amount of water than that decreed to him, and not proper to show the element of non-use in a subsequent abandonment, certainly is proper, and not prejudicial, as throwing light on the intention which the appropriator entertained when, for so long a time, he ceased after the decree to make use of a part of his decreed property.

We do not think the doctrine of the New Mercer case is rightly applied by either party to the present action. It is not authority for the claim inferentially, though not expressly, made by plaintiff, that in a collateral attack the volume awarded by a decree is an open question. Neither can we agree with defendant that in a case like this, on the issue of subsequent abandonment, of which there is sufficient direct legal evidence, the admission of acts antecedent to the decree is necessarily erroneous or prejudicial. We are satisfied that the abandonment alleged in this case has been proved, and that no error prejudicial to defendant has intervened.

We have deemed it advisable, in view of the apparent misconception by counsel of the doctrine announced in the New Mercer case, to give our views thereon, and to distinguish between this and the O'Brien case, *supra*. The views herein expressed

are in harmony with the New Mercer case.—*Ditch Co. v. Ditch Co., supra,* and *Water Co. v. Irrigation Co.,* 24 Colo. 322.

2.  But defendants say, upon the assumption that the abandonment has been proved, plaintiffs are not entitled to this injunction because the granting of it would be a vain thing, for, as they allege in the affirmative defense of their answer, and as they attempted to prove at the trial, if the abandoned excess of water were not turned into the headgate of the Molino ditch, but was allowed to flow down the stream, none of it would reach the headgates of any of plaintiffs' ditches, and, therefore, they would not be benefited by an injunction restraining defendants from diverting it.

Whether defendants are in a position to invoke such a defense in view of the fact that, as to this excess, they abandoned it and have no right whatever to it after intervening rights of other and junior appropriators have become vested before defendants manifested an intention to reclaim it, we need not decide.  Such questions are discussed and passed upon in *Clark v. Ashley,* 34 Colo. 285; *Lower Latham D. Co. v. Louden I. C. Co.,* 27 Colo. 267; *Platte Valley I. Co. v. Buckers Co.,* 25 Colo. 77.  Where a senior seeks to enjoin a junior appropriator of water from diverting the same to the injury of the former, and the junior appropriator seeks to avoid the same upon the ground that if the use which he threatens to make of it is restrained, the owner of the senior right will derive no benefit, such a defense ought to be established by clear and satisfactory evidence.  The infringement of a prior by the owner of a junior right constitutes a legal injury, and, before the junior can justify his acts of interference with the prior right upon the ground stated, a strong showing should be made.  Upon this controverted issue of

fact which the defendants have set up in their affirmative defense the evidence was conflicting, and the defense was not established to the satisfaction of the trial court. On the contrary, the evidence was legally sufficient to uphold its finding in plaintiffs' favor, and we cannot interfere with it.

Perceiving no prejudicial error, and the findings and decree of the court being sustained by the evidence, the judgment is affirmed.          *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GABBERT concur.

Mr. JUSTICE GABBERT concurring specially:

I concur in the judgment of affirmance; but on the question of abandonment, I do so for the reason that, in my opinion, the testimony bearing on the subject of non-use of water, and other acts of the claimants through the Molino ditch subsequent to the decree, clearly establishes abandonment on their part, as found by the trial court, without regard to their use of water or capacity of their ditch prior to such decree. For this reason the evidence on the subject of abandonment, objected to by appellants, could not have been prejudicial, and the question of its competency is, therefore, immaterial.