[No. 7142.]

THE SAN LUIS VALLEY IRRIGATION DISTRICT ET AL. v. THE TOWN OF ALAMOSA ET AL.

1.   MUNICIPAL CORPORATIONS—*Unauthorized Act of Officials, affords no ground to the municipality to claim a benefit*—Loans of the waters of the town by an alderman, water commissioner, or other officer of the town, without authority, have not the effect to keep alive the right of the corporation to water previously appropriated but for many years applied to no beneficial use, on the part of the municipality.

2.   WATER RIGHT—*Abandonment—Evidence*—A municipal corporation had, for more than twenty years, made no use of water adjudicated to it, had permitted the ditch by which the water was diverted, to go to decay, and had obtained and used an adequate supply of water from a different source.   These facts being uncontroverted, *held* to establish an abandonment.

*Appeal from Costilla District Court.*—Hon. CHARLES C. HOLBROOK, Judge.

Messrs. GOUDY & TWITCHELL, Messrs. CORLETT & CORLETT, Mr. IRA J. BLOOMFIELD, Mr. J. H. BURKHARDT, for appellants.

Mr. JESSE STEPHENSON, for appellees.

Mr. JUSTICE BAILEY delivered the opinion of the court:

By a decree adjudicating water priorities for irrigation purposes, of date November 17th, 1891, in the district court of Costilla County, certain ditches were awarded priorities for the use of water in water district No. 20, taking water from the Rio Grande river. Among them was one to the Alamosa Town Ditch for 12.8 cubic feet per second of time of date September 30th, 1882.

On the 7th of October, 1909, the plaintiffs, appellants here, all of whom had been decreed junior priorities to the Alamosa Town Ditch out of the river, filed complaint in the district court of Costilla County, by which they sought to obtain a decree declaring an abandonment of the water right decreed to the Alamosa Town Ditch, and to enjoin the water commissioners from delivering water thereunder. The defendant, appellee here, the San Luis Valley Irrigated Land Company, filed answer admitting most of the averments of the complaint, however putting in issue the alleged abandonment of the right. All other defendants joined in disclaiming any interest in the water right under consideration. The case was tried to the court upon the complaint, as amended, and the answer of the defendant, the San Luis Valley Irrigated Land Company. The trial resulted in a dismissal of the complaint, to review which judgment the plaintiffs bring the case here on appeal.

The record discloses the following practically undisputed facts. The Alamosa Town Ditch takes its water

at a point lower down the Rio Grande River than any of the ditches or canals owned by the respective plaintiffs; that water largely in excess of the amount carried in the Rio Grande River has been decreed, except in high water or flood times, in the spring of the year, which high or flood waters last only for two or three weeks each year and frequently, when there is but little snow in the mountains, do not occur at all; that in all of the ordinary stages of the water of the Rio Grande River and at all times when the water is low therein, there is not sufficient flow carried in its channel to supply the amounts severally decreed to the plaintiffs and others like situated, for irrigation purposes. The Alamosa Town Ditch was constructed in 1882, and water was used through it to a limited extent, for two or three years, and the ditch itself was allowed to go into decay, and since then little or no water has been diverted or used by the town from this source. In 1886 the town began the use of artesian water and as soon as such water was obtained it became the sole source of town supply. An abundance of good water was thus secured and the Alamosa Town Ditch has since then practically never been used. The witness Swanson does testify to the irrigation of a few trees in 1887 and 1888, but the water was then obtained through the Centennial Ditch and carried thence into the town ditch, the headgate of which was at that time and ever since has been useless as a means of diversion. It appears that for over twenty years prior to the commencement of this suit there had been a dam across the Alamosa Town Ditch, at or near its headgate, to prevent water running into it from the river. It further appears that neither the town nor its grantees or successors have ever used any of this decreed water, for any purpose, since the date the decree was made, in October, 1891. The defendant, the San Luis Valley Irrigated Land Company, claims title to this water right from the Town of Alamosa by means of con-

veyances, the town having quit-claimed its right for $1,500.00 to the remote grantor of that company, and it, the San Luis Valley Irrigated Land Company, now seeks to change the point of diversion of the water right decreed to the Alamosa Town Ditch to the San Luis Canal, owned by it, for the purpose of carrying the 12.8 cubic feet of water from the river to other and different lands than those to which the waters of the Alamosa Town Ditch were intended to be applied, and to use the water for purposes different from that originally designed.

The foregoing are the main facts upon which the plaintiffs rely to establish abandonment by the town of the water right in question. The only matter offered in evidence to overcome the effect of these facts, on the part of the defendants, is evidence of so-called loans of water made by the officers of the town to owners of various other ditches from time to time during the intervening years. So it appears that the sole question for determination is whether the town has in fact abandoned this decreed water right. The finding of the court, upon which the judgment of dismissal of the action is based, is as follows:

"In this case it is asked that the court declare that the appropriation of water decreed to the Alamosa Town Ditch has been abandoned; under the evidence it appears that that ditch has not been in use for many years; yet, it further appears, from the evidence, that the owner of the water right decreed to that ditch has been loaning the water, or allowing it to be carried through other ditches and canals for use in irrigation a number of years, and thus indicating that there was no intention of abandonment of the water right, though the ditch itself seems to have been abandoned. The court is of the opinion that the water right was not abandoned and that it was not the intention to abandon it. Therefore, the court finds the issues for the defendants."

From this it appears that the court based its conclusions that there had been no abandonment entirely upon the fact that the so-called loans of water had been made by the town.

It becomes necessary, therefore, to consider the nature and character of these alleged water loans, and to determine by whom they in fact were made. An examination of the record fails to disclose a syllable of testimony showing that they were ever authorized by the town acting through its proper authorities. On the contrary, the evidence shows that the loans were made by individual officers, alderman, water commissioner, and the like, for which acts the town was in no manner responsible, and from which certainly it cannot lawfully claim a benefit of any sort. The use of the water under these circumstances can in no proper or legitimate sense be held to be a use under loan of the priority decreed to the Alamosa Town Ditch. Under such conditions, in our view of the matter, the so-called loans are wholly without legal effect or bearing upon the question of abandonment. The acts of loaning were the acts of mere strangers, not the acts of the town at all, and it is clear that the unauthorized acts of outsiders cannot be relied upon to establish the fact of non-abandonment by the town.

It follows, therefore, that the finding of the trial court, that because of these loans there had been no abandonment, and these facts were the only ones upon which the dismissal of the action was based, is without legal support or warrant, and cannot be upheld.

The facts which convince this court that there was a clear intention to abandon this water right are: First. There was a practical non-user by the town for more than twenty years; Second. There was never any use of this right by the town from the date of the decree awarding the priority to it; Third. The town had obtained and installed an absolutely new and different source of water

supply, which was adequate and satisfactory; Fourth. It had no property upon which to use or to which to apply this water right; and, Fifth. It had no appliances for diverting and conducting the water from the river to the town, and had not had for practically twenty years, and had meanwhile made no move to reconstruct, renew or repair its ditch or the headgate thereof.

Upon the uncontroverted facts, therefore, we are irresistibly impelled to the conclusion that the town, when it made its quit-claim deed to the water right in question, had abandoned it, had nothing whatever to convey, and that its grantee took nothing by such conveyance.

The judgment is reversed and the cause remanded, with instructions to the trial court to enter a perpetual injunction against the defendant herein, as prayed in the complaint.

*Reversed and remanded.*

CHIEF JUSTICE MUSSER and Mr. JUSTICE WHITE concur.