No. 17,609.

M. C. KAESS, ET AL. *v.* MAURICE E. WILSON, ET AL.
(289 P. [2d] 636)

Decided October 31, 1955.

Messrs. BOYLE & WITTY, for plaintiffs in error.

Mr. FRANK H. MEANS, Messrs. MOSES & DESOUCHET, for defendants in error Wilson and Coleman.

No appearance for defendants in error Bunker, Cole and Hiser.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the court.

THE parties to this action appear here in the same order as in the trial court, and will be so referred to, or by name.

In March, 1890, the District Court in Saguache County, Colorado, by decree awarded to Kennedy Ditch No. 2, water priority No. 33 for 9.80 cubic feet of water per second of time out of San Luis Creek. At a later date the point of diversion of 1.80 cubic feet in this appropriation was changed to another and different headgate and the instant case does not involve said 1.80 cubic feet of water.

Plaintiffs own certain land in Saguache County, Colorado, as do the defendants, Wilson and Coleman. The other named defendants in this action, who were made parties a considerable time after the suit was instituted, did not appear in the action.

Briefly stated, plaintiffs alleged that they owned the Saguache County land together with an undivided one-half interest in and to eight (8) cubic feet of water decreed thereto * * * together with the right to convey said water through said Kennedy Ditch No. 2. They alleged that defendants without right or authority filled up said ditch, destroyed the banks thereof and thereby

forcibly and without right took possession of plaintiffs' said ditch and right-of-way. Plaintiffs prayed for a temporary restraining order, and injunction and for damages, both actual and exemplary.

The material allegations of the complaint were denied by defendants Coleman and Wilson, who also alleged abandonment of said water rights by plaintiffs, and set up the eighteen-year statute of limitations as against the claims asserted by plaintiffs. The trial court issued a temporary restraining order and later a temporary injunction.

Roy Coleman and Hazel W. Coleman, by way of cross-complaint, alleged they were the owners under priority No. 33 of a water right to four cubic feet of water out of San Luis Creek; the defendants, Maurice E. Wilson and Ada C. Wilson, by way of cross-claim alleged that plaintiffs and all defendants except the Colemans "have abandoned all their right, title and interest in and to the water decreed to the said Kennedy Ditch No. 2 except 1.80 cubic feet per second of time * * * the point of diversion of which has heretofore been moved upstream and which 1.80 cubic feet is not involved in this controversy. They also alleged that defendants Coleman "have abandoned all right, title and interest in and to the water decreed to said Kennedy Ditch No. 2 in excess of four cubic feet of water per second of time under priority No. 33."

The Wilsons, under priority No. 36, dated March 28, 1890, claimed title to all water in excess of the four cubic feet belonging to the Colemans and the evidence discloses that such water was by them diverted through a ditch at the Tobler-Rominger headgate and put to a beneficial use on lands belonging to the Wilsons.

The Wilsons, by way of "counter-claim," alleged the temporary restraining order was wrongfully issued and but therefor they would have received the use of four cubic feet of water per second of time as junior ap-

propriators on said San Luis Creek, which water they did not receive, to their damage in the sum of $1,500.

Defendants Coleman and Wilson prayed for a decree quieting the title to said water rights in them; for a declaration that plaintiffs had abandoned their title to the water claimed by them; for damages in favor of the Colemans and the Wilsons, and against plaintiffs, in the sum of $1,500. Issue was joined on the affirmative allegations in the answer and cross-claims of defendants Wilson and Coleman. On March 4, 1954, the trial court entered its findings that the 1.80 cubic feet of water per second of time was not involved in the action. The trial court found that defendants Coleman "are the absolute owners of an undivided one-half interest in and to Kennedy Ditch No. 2, together with four cubic feet of water per second of time adjudicated to that ditch by the Decree of March 28, 1890," which interest is not controverted in the instant case, the plaintiffs having admitted the Colemans' right and title to said water right.

The trial court found from the evidence that the "record is barren of any evidence or testimony that, even though the last mentioned ditch [from the headgate of Kennedy Ditch No. 2 to the Kaess land] might have at one time existed" any water has ever been run through it to the lands now owned by plaintiffs.

The court determined that the non-user of the water claimed by plaintiffs for the period from 1890 to 1953, a period of sixty-three years, is an unreasonable period and that regardless of any paper title which the plaintiffs might assert, the presumption has become conclusive that the right to the use of said water has been abandoned.

The trial court determined that the temporary injunction should be dissolved, and continued the case for the purpose of taking testimony as to any damages incurred by the answering defendants on account of the issuance of the temporary injunction. After hearing on the issue of damages, the court denied the claim of the defendants

Coleman and Wilson thereto; dissolved the temporary injunction, and dismissed plaintiffs' complaint. Plaintiffs bring the cause here on writ of error and defendants Coleman and Wilson assign cross-error on account of the refusal of the trial court to find in their favor for the damages they claimed.

The record and reporter's transcript embrace nearly one thousand folios, all of which we have carefully read and considered. We find nothing in the record which in any way challenges any of the findings of fact made by the learned trial judge, and under the 'oft repeated rule we must accept his findings, if supported by competent evidence, as conclusive.

The law announced by the trial judge, which resulted in the dissolution of the temporary injunction and a dismissal of plaintiffs' complaint, is in accord with the well-established doctrine announced over a period of years by this court. These cases are: *Seiber v. Frink,* 7 Colo. 148, 2 Pac. 901; *Green Valley Company v. Frantiz,* 54 Colo. 226, 129 Pac. 1006; *Mason v. Hills Land and Cattle Co. et al.,* 119 Colo. 404, 204 P. (2d) 153; *Peterson v. Colorado River Water Conservation District,* 127 Colo. 16, 254 P. (2d) 422; *Knapp v. Colorado River Water Conservation Dist.,* 131 Colo. 42, 279 P. (2d) 420.

What plaintiffs Kaess assert is a claim founded on a paper title to water rights long since lost by nonuser. There is a great deal of evidence that the premises which would have been irrigated by the water represented by defendants' paper title were for years "sage brush" lands. The trial judge, over a long period of time, held hearings and permitted the parties to present all pertinent evidence under the issues as framed, and made his findings based on competent evidence in the record.

When plaintiffs and their predecessors in interest abandoned their right to this water, the four feet of water in controversy was abandoned to the stream, and not to defendants Wilson. *Granby Ditch Co. v. Hallenbeck, et al.,* 127 Colo. 236, 255 P. (2d) 965. However,

the rights of the Wilsons under priority No. 36 entitling them to the abandoned priorities (34 and 35) were satisfied through other ditches, and it further appears that the amount of water above the four cubic feet concededly belonging to the Colemans, was diverted through the Tobler-Rominger ditch under priority No. 36, for the benefit of the Wilson land under priority No. 36.

It definitely appears from the record that the ditch through which the Colemans conveyed their four cubic feet of water could not carry more than four feet of water until 1948 or 1949.

As to the damages claimed by the Wilsons and the Colemans the trial court, after hearing, found their evidence "is so confused and uncertain and that the same fails to establish, with the degree of certainty required by law the damages sought, that any attempt to assess any amount of damages by the court would be purely by conjecture and speculative."

The damages claimed were confined to a loss of the hay crop on the lands of the Colemans and the Wilsons, because of a shortage of water due to the temporary injunction.

It was the province of the trial court to evaluate this testimony, and his appraisal thereof is in plain and unmistakable terms. A review of the evidence on the question of damages demonstrates that the trial court was correct, and that any award in favor of the Wilsons or the Colemans would have to be predicated on "conjecture and speculation." On such evidence no damages could be awarded.

We have considered the other matters urged for reversal and find them to be without merit.

Perceiving no prejudicial error in the record, the judgment is affirmed.