BEAVER PARK WATER, INC., a Colorado Corporation; City of Colorado Springs, a Municipal Corporation, and Penrose Water District, Plaintiffs-Appellants,

v.

CITY OF VICTOR, a Municipal Corporation, Texasgulf Golden Cycle Mining Company, a joint venture consisting of Texasgulf, Inc., a Texas Corporation and Golden Cycle Gold Corporation, a Colorado Corporation; Golden Cycle Gold Corporation, a Colorado Corporation; and Golden Cycle Land Corporation, a Colorado Corporation, Defendants-Appellees.

No. 80SA340.

Supreme Court of Colorado, En Banc.

July 26, 1982.

As Modified on Denial of Rehearing Aug. 16, 1982.

George W. Woodard, Alamosa, Horn, Anderson & Johnson, Louis Johnson, Colorado Springs, for plaintiffs-appellants.

Jenkins, O'Rourke & Breitenbach, Patti F. O'Rourke, Pueblo, for Penrose Water Dist.

Geddes, MacDougall, Geddes & Paxton, P. C., M. E. MacDougall, Wilder & Wells, Jeffrey M. Wells, Holme, Roberts & Owen, Michael F. Browning, Colorado Springs, for defendants-appellees.

Holme, Roberts & Owen, Glenn E. Porzak, Denver, for Texasgulf, Inc., a Texas Corp., Golden Cycle Gold Corp., a Colorado Corp. and the Texasgulf Golden Cycle Mining Co.

HODGES, Chief Justice.

In the District Court in and for Water Division No. 2 (water court), the plaintiffs-appellants sought a judgment declaring that the "Altman water rights" located in Beaver Creek and now owned and used by the City of Victor, a defendant-appellee, were abandoned because of nonuse between the years 1957 and 1977, and an order restraining the appellees from extracting any water by virtue of these water decrees which had priority dates in 1861 and 1893. The plaintiffs-appellants are owners and lessees of certain water rights on Beaver Creek, a tributary of the Arkansas River. The water court found that the Altman water rights were not abandoned and entered judgment dismissing the appellants' complaint. We affirm.

The Altman water rights involve decreed surface water rights in Beaver Creek located in Water Division 2. From 1916, these rights were owned by the Altman Water Company. In 1933, the Southern Colorado Power Company (Power Company) acquired a three-fourths interest in these rights. The remaining one-fourth interest was purchased in 1975 by the Central Telephone & Utilities Corporation (the successor to the Power Company). The City of Victor purchased the Altman water rights from the Central Telephone & Utilities Corporation in February 1977.

In 1949, the Power Company leased the water rights to the Golden Cycle Gold Corporation (Golden Cycle) to mine and mill gold. At this time and for several years, gold was the principal basis for the economy of the area around the City of Victor. Later in the period the price of gold fell, causing the area's mining activity to decline. In the late 1950's, Golden Cycle's Carlton Mill was the last user of the Altman water rights. In 1957, the mill ceased using the Altman water rights and began drawing its water from the City of Victor's water system, which then had its source in the nearby Skaguay Reservoir. This continued from March 1957 until 1961 when the mill closed. Over a period of years, the Skaguay Reservoir began to run dry, which led to the City of Victor's purchase of the Altman water rights in 1977. It is undisputed that the Altman water rights remained unused from March 1957 to May 1977.

The water court concluded that the nonuse of the Altman water rights for twenty years created a rebuttable presumption of an intent to abandon on the part of prior owners and users. However, it also found that appellees had introduced sufficient evidence to overcome this presumption and to establish that the predecessor owners and users of the Altman water rights never intended to discontinue permanently the use of all or part of the water available under these rights. See section 37–92–103(2), C.R.S.1973.

On appeal, the appellants assert that their evidence established abandonment of the Altman water rights, and that appellees

failed to present evidence sufficient to overcome the presumption of abandonment. We reject these contentions and hold that the record reveals ample evidence to support the findings and the judgment of the water court.

Under Colorado water law, abandonment of a water right requires a concurrence of nonuse and intent to abandon. However, intent is the very essence of abandonment. *Allard Cattle Co. v. Colorado & Southern Railway Co.*, 187 Colo. 1, 530 P.2d 503 (1974). Intent may be shown either expressly or by implication, with nonuse for a long period of time being evidence of an intent to abandon. *Upper Harmony Ditch Co. v. Carwin*, 189 Colo. 190, 539 P.2d 1282 (1975). Nonuse alone will not establish abandonment where the owner introduces sufficient evidence to show that during the period of nonuse there never was any intention to permanently discontinue the use of the water. *Parsons v. Fort Morgan Reservoir & Irrigation Co.*, 56 Colo. 146, 136 P. 1024 (1913); *Alamosa Creek Canal Co. v. Nelson*, 42 Colo. 140, 93 P. 1112 (1908). Upon a showing that there has been an "unreasonable" period of nonuse, a *prima facie* case of abandonment is made, which in turn, shifts the burden of going forward to the water rights' owner who may then introduce evidence sufficient to rebut the presumption established by nonuse. *Upper Harmony Ditch Co. v. Carwin, supra; South Boulder Canon Ditch Co. v. Davidson Ditch & Reservoir Co.*, 87 Colo. 391, 288 P. 177 (1930); *Sieber v. Frink*, 7 Colo. 148, 2 P. 901 (1883).

Because abandonment is a question of fact, we will not reverse a water court's findings unless the evidence is wholly insufficient to sustain it. *Kaess v. Wilson*, 132 Colo. 443, 289 P.2d 636 (1955); *Cooper v. Shannon*, 36 Colo. 98, 85 P. 175 (1906). *See Gebhardt v. Gebhardt*, 198 Colo. 28, 595 P.2d 1048 (1979).

We agree with the water court here that by showing twenty years of nonuse, appellants established a *prima facie* case of abandonment. *See* section 37–92–402(11), C.R.S.1973 (1981 Cum.Supp.). *See also San Luis Valley Irr. Dist. v. Town of Alamosa*, 55 Colo. 386, 135 P. 769 (1913). Appellants' contention is also correct that self-serving statements of intent by the owner of the water rights are insufficient by themselves to rebut a presumption of abandonment. *Knapp v. Colorado River Water Conservation District*, 131 Colo. 42, 279 P.2d 420 (1955). However, we find from the record that other consistent and competent evidence was presented to rebut the appellants' *prima facie* case of abandonment.

This uncontradicted evidence consisted of, *inter alia*, the following: *First*, former officers, directors and employees of the Power Company and Golden Cycle testified that the companies never intended to abandon the water rights during the period in question; *second*, the Altman pumping station remained operational until 1961, with the power line staying attached until 1965 when the station was removed; the station was dismantled because there was "no future load in sight," and because there was plenty of water available in the Skaguay Reservoir; and a replacement station could have been operational within thirty days of when the need arose; *third*, between 1958 and 1977, there was no need for diverting the Altman water since an adequate water supply was available from another source;[1] *fourth*, in 1949, the Power Company had leased the Altman water rights to Golden Cycle for fifty years, and Golden Cycle in turn had leased its rights to the City of Victor for twenty-five years as a "standby" or emergency source of water; *fifth*, the Power Company mortgaged its interest in the water rights in 1965; *sixth*, in 1974, the Power Company demanded that

---

1. This evidence has only limited relevancy to the question of intent. While we recognize that reasonable justification may exist for excusing a period of nonuse, *Hallenbeck v. Granby Ditch and Reservoir Company*, 160 Colo. 555, 420 P.2d 419 (1966), acceptable justifications are extremely limited. *See In re C. F. & I.*

*Steel Corporation in Las Animas County*, 183 Colo. 135, 515 P.2d 456 (1973). Generally, the reasons underlying the nonuse period are only relevant to the question of intent to abandon and will not alone rebut a *prima facie* showing of abandonment.

Golden Cycle convey title to the remaining one-fourth interest in the water rights pursuant to a 1933 agreement, and, accordingly, in 1975 Golden Cycle deeded this interest; and *seventh*, in 1972 or 1973, the Power Company and the City of Victor began negotiating about the purchase and sale of the Altman water rights.

Generally, this evidence shows, as indicated by the water court, that the Altman water rights were involved in constant activity during the twenty years of nonuse, all of which sufficiently reveals that there was never any intention to relinquish, surrender, or give up these water rights. In short, the intent to abandon was not established by the evidence. *See generally Knapp v. Colorado River Water Conservation Dist., supra.*

The judgment of the water court is affirmed.